UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICKOLAS J. BURCH, | ) |
|     Plaintiff, | ) Case No. 18-CV-669 |
| v. | ) Judge Sharon Johnson Coleman |
| THOMAS J. DART, et al., | ) |
|     Defendants. | ) |

## ORDER

Defendant Connie Mennella, M.D.'s Motion to Dismiss Count VI of the Amended Complaint [73] is denied.

## STATEMENT

Plaintiff Nickolas Burch was incarcerated as a pre-trial detainee at Cook County Jail at all relevant times. Defendant Connie Mennella, M.D., was at all relevant times the Chairperson of the Department of Correctional Health at Cermak Health Services and the Medical Director at the Cook County Jail. Dr. Mennella had supervisory authority over the employees of Cermak Health Services and acted under color of law within the course and scope of her public duties.

Burch has had a lifelong lactose intolerance that he has managed by self-regulating his diet to avoid lactose and milk. When Burch was booked into the jail on September 22, 2016, he informed the staff of his lactose intolerance. On October 13, 2017, Burch sustained physical injuries to his face and jaw, resulting in a fractured jaw. As part of his medical treatment, Burch's jaw was wired shut and he was placed on a full liquid diet. Despite informing his doctors and numerous medical and other personnel at the jail, Burch did not receive the prescribed lactose-free all-liquid diet from

1

October 16, 2017 to at least November 23, 2017.  As a result, Burch sustained numerous injuries, including serious weight loss.

Burch alleges that Dr. Mennella maintained or permitted a series of policies, customs, and practices that caused Burch's injuries.  Among other items, Burch states that Dr. Mennella failed to: (1) offer a proper diet for patients requiring a lactose-free full liquid diet; (2) adequately train, supervise, and control medical practitioners with respect to providing medically necessary diets to patients in a reasonable time frame; (3) train and control medical practitioners with respect to recognizing an atypical diet order; (4) establish a check-and-balances system to ensure a patient suffering a significant medical condition receives appropriate care; and (5) properly train staff to provide resources for fulfilling orders for special medical diets.

Burch filed an Amended Complaint in October 2018, alleging that various defendants were deliberately indifferent to his medical needs and failed to ensure that he received his prescribed diet.  Dr. Mennella moves to dismiss Count VI of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff.  *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013).  To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Id.* at 632 (internal quotations omitted).  The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Burch asserts Count VI against Dr. Mennella for deliberate medical indifference. Dr. Mennella contends that because supervisory liability is not a cause of action permitted pursuant to § 1983, Count VI should be dismissed. Burch does not dispute that § 1983 "does not authorize 'supervisory liability.'" *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). However, Burch asserts that an official-capacity claim against Dr. Mennella, the Chairperson of the Department of Correctional Health and the Medical Director at the Cook County Jail, is considered to be a claim against Cook County. Burch argues that he alleges the existence of an unconstitutional policy, custom, or practice, which is sufficient to state a claim against a supervisor in her official capacity.

Dr. Mennella's argument regarding "supervisor liability" appears to derive from the title Burch used for his count VI against Dr. Mennella: "Supervisor Liability – Deliberate Indifference to Plaintiff's Serious Medical Need." What matters, however, is the substance of the claim, not the title. *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). A claim against a defendant in her official capacity is treated as a claim against Cook County, the governmental entity for which she is an agent. (Dkt. 73 at ¶ 12.) *See also Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008). These allegations are properly understood as a claim that Cook County violated Burch's rights through its policies, customs, or practices stemming from *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A *Monell* inquiry focuses on the "relationship between an official custom or policy and the alleged constitutional deprivation," asking whether the "deprivation was caused by an express policy, a widespread practice or custom, or the deliberate act of a policymaking official." *McDonald v. Obaisi*, No. 16-CV-5417, 2017 WL 4046351, at *3 (N.D. Ill. Sept. 13, 2017) (Gottschall, J.) (internal citation and quotation marks omitted).

Here, Burch alleges that Dr. Mennella maintained or permitted a series of policies, customs, and practices that caused Burch's injuries, including failure to offer a proper diet for patients requiring a lactose-free full liquid diet, failure to train and control medical practitioners with respect

3

to recognizing an atypical diet order, and failure to properly train staff to provide resources for fulfilling orders for special medical diets. Dr. Mennella does not further challenge the sufficiency of these allegations. As such, Dr. Mennella's motion to dismiss Count VI is denied.

Dr. Mennella also contends that by suing Dr. Mennella in her official capacity, Burch is attempting to sue Cook County twice. Although Cook County is named as an entity for indemnification purposes, no medical indifference claim is asserted against Cook County. Thus, there is no duplicative claim against Cook County. Moreover, Dr. Mennella raises this argument for the first time on reply, and therefore waives this argument. *See James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998).

Finally, Dr. Mennella contends that punitive damages against her are improper. Burch responds that he is not seeking punitive damages against Dr. Mennella. To the extent the First Amended Complaint may be interpreted as seeking punitive damages against Dr. Mennella, such relief is stricken.

Therefore, this Court denies Dr. Mennella's Motion to Dismiss.

IT IS SO ORDERED.

Date: 5/23/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4