UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICKOLAS J. BURCH, | ) |
|     Plaintiff, | ) Case No. 18-CV-669 |
| v. | ) Judge Sharon Johnson Coleman |
| THOMAS J. DART, et al., | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nickolas Burch filed an Amended Complaint in October 2018, alleging that various defendants were deliberately indifferent to his medical needs and failed to ensure that he received his prescribed diet. Defendants Sheriff of Cook County Thomas Dart, Erica Queen, Michael Brady, Carl Barry, Sr., Floyd Evans, Sabrina Rivero-Canchola, Roland Lankah, and Darius Wilson (the "Sheriff Defendants") move to dismiss the official capacity claims for punitive damages, relief for "legal interest on all damages" and injunctive relief, and Count VII of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, the Sheriff Defendants' Motion to Dismiss [68] is denied.

**Background**

In addressing this motion, the Court accepts all facts set forth in the Amended Complaint as true. Burch was incarcerated as a pre-trial detainee at Cook County Jail at all relevant times. Defendant Sheriff Dart is the head of the Cook County Sheriff's Office, which provides him with supervisory authority over the employees of the Cook County Jail. Burch sues Sheriff Dart in his official capacity and alleges that Sheriff Dart acted under color of law within the course and scope of his public duties. Defendants Erica Queen, Michael Brady, Carl Barry, Sr., Floyd Evans, Sabrina

1

Rivero-Canchola, Roland Lankah, and Darius Wilson were all employed by the Cook County Department of Corrections for all relevant time periods. Burch sues each of these individual defendants in their individual capacity.

Burch has had a lifelong lactose intolerance that he has managed by self-regulating his diet to avoid lactose and milk. When Burch was booked into the jail on September 22, 2016, he informed the staff of his lactose intolerance. On October 13, 2017, Burch sustained physical injuries to his face and jaw, resulting in a fractured jaw. As part of his medical treatment, Burch's jaw was wired shut and he was placed on a full liquid diet. Despite informing his doctors and numerous medical and other personnel at the jail, Burch did not receive the prescribed lactose-free all-liquid diet from October 16, 2017 to at least November 23, 2017. As a result, Burch sustained numerous injuries, including serious weight loss.

Burch alleges that Sheriff Dart maintained or permitted a series of policies, customs, and practices that caused Burch's injuries. Among other items, Burch states that Sheriff Dart failed to: (1) offer a proper diet for detainees requiring a lactose-free full liquid diet; (2) adequately train, supervise, and control correctional officers with respect to providing medically necessary diets to detainees in a reasonable time frame; (3) train and control correctional officers with respect to implementing medical orders for medically necessary diets to detainees; (4) establish a check-and-balances system to ensure a detainee suffering a significant medical condition receives appropriate care; and (5) properly train staff to provide resources for fulfilling orders for special medical diets.

The Sheriff Defendants now move to dismiss the official capacity claims for punitive damages, relief for "legal interest on all damages" and injunctive relief, and Count VII of the Amended Complaint for failure to state a cause of action upon which relief can be granted.

**Legal Standard**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Id.* at 632 (internal quotations omitted). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Burch asserts counts for deliberate medical indifference against Brady in Count I, against Wilson in Count II, against Lankah, Rivero-Canchola, and Queen in Count III, and against Evans and Berry in Count IV. The Sheriff Defendants contend that because the Amended Complaint does not specify whether the claims are individual or official capacity claims, they assume that they are official capacity claims and the punitive damages must be stricken against all Sheriff Defendants. Burch responds that each individual Sheriff Defendant is sued in his individual capacity, as alleged in the Amended Complaint. (Dkt. 34 ¶¶ 132, 149, 170, and 193.) Indeed, the Amended Complaint states that Burch seeks "punitive damages against all individual Defendants sued under 42 U.S.C. § 1983." (*Id.* at 42, Relief ¶ 3.) The Amended Complaint properly puts the individual Sheriff Defendants on notice that they are sued in their individual capacities and for punitive damages.

Burch asserts Count VII against Sheriff Dart for deliberate medical indifference. The Sheriff Defendants contend that because supervisory liability is not a cause of action permitted pursuant to

3

§ 1983, Count VII should be dismissed. Burch does not dispute that § 1983 "does not authorize 'supervisory liability.'" *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). However, Burch asserts that an official-capacity claim against Sheriff Dart, the Sheriff of Cook County, is considered to be a claim against the Cook County Sheriff's Office. Burch argues that he alleges the existence of an unconstitutional policy, custom, or practice, which is sufficient to state a claim against a supervisor in his official capacity.

The Sheriff Defendants' argument regarding "supervisor liability" appears to derive from the title Burch used for his count VII against Sheriff Dart: "Supervisor Liability – Deliberate Indifference to Plaintiff's Serious Medical Need." What matters, however, is the substance of the claim, not the title. *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). A claim against a defendant in his official capacity is treated as a claim against the Sheriff of Cook County, the governmental entity for which he is an agent. (Dkt. 86 at 3.) *See also Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008). These allegations are properly understood as a claim that the Cook County Sheriff's Office violated Burch's rights through its policies, customs, or practices stemming from *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A *Monell* inquiry focuses on the "relationship between an official custom or policy and the alleged constitutional deprivation," asking whether the "deprivation was caused by an express policy, a widespread practice or custom, or the deliberate act of a policymaking official." *McDonald v. Obaisi*, No. 16-CV-5417, 2017 WL 4046351, at *3 (N.D. Ill. Sept. 13, 2017) (Gottschall, J.) (internal citation and quotation marks omitted).

Here, Burch alleges that the Sheriff's Office maintained or permitted a series of policies, customs, and practices that caused Burch's injuries, including failure to offer a proper diet for detainees requiring a lactose-free full liquid diet, failure to train and control correctional officers with respect to recognizing an atypical diet order, and failure to properly train staff to provide resources for fulfilling orders for special medical diets. The Sheriff Defendants do not further challenge the

4

sufficiency of these allegations. As such, the Sheriff Defendants' motion to dismiss Count VII is denied.

The Sheriff Defendants also contend that by suing Sheriff Dart in his official capacity, Burch is attempting to sue Cook County twice. However, an official capacity claim against Sheriff Dart is a claim against the Cook County Sheriff's Office and the Amended Complaint does not allege a medical indifference claim is asserted against the Sheriff's Office. Thus, there is no duplicative claim against the Cook County Sheriff's Office. Moreover, the Sheriff Defendants raise this argument for the first time on reply, so waived the argument. *See James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998).

Further, the Sheriff Defendants contend that punitive damages against Sheriff Dart are improper. Burch responds that he is not seeking punitive damages against Sheriff Dart. To the extent the First Amended Complaint may be interpreted as seeking punitive damages against Sheriff Dart, such relief is stricken.

Finally, the Sheriff Defendants assert that Burch's requested relief for "legal interest on all damages" does not provide notice pursuant to Rule 8(a) and should be stricken. Burch responds that his request for legal interest on all damages is not a separate legal claim. Because the First Amended Complaint contains sufficient factual allegations to plausibly show that each Sheriff Defendant violated Burch's constitutional rights, Burch contends that he is permitted to include a demand for relief that includes legal interest on damages. Likewise, the Sheriff Defendants contend that Burch has not stated a claim for injunctive relief against them. Burch responds that he has made a sufficient request for injunctive relief against Sheriff Dart in his official capacity and that pleading the requirements for preliminary or permanent injunctions is not required at this stage.

The Court does not construe Burch's Amended Complaint as stating separate claims for legal interest or injunctive relief. Instead, the Amended Complaint requests a wide variety of relief

related to his § 1983 claims. This interpretation of the Amended Complaint aligns with Rule 8(a), pursuant to which legal interest and injunctive relief are not separate legal claims. *See* Fed. R. Civ. P. 8(a)(2)–(3); *see also Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). Therefore, Burch need not plead the requirements for legal interest or injunctive relief, as the Sheriff Defendants contend that he does. The Court denies the Sheriff Defendants' motion to dismiss Burch's request for legal interest and injunctive relief.

**Conclusion**

Based on the foregoing, this Court denies the Sheriff Defendants' Motion to Dismiss [68].

IT IS SO ORDERED.

Date: 5/28/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge